UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT



Grand Jury H-24-1

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:25CR 11 (KAD)(SDV) |
| v. | VIOLATIONS: |
| JOSE BARET | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), (vi), and (viii), and 841(b)(1)(C) (Possession with Intent to Distribute Controlled Substances) |

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
(Possession with Intent to Distribute Fentanyl)

1. On or about April 10, 2024, in the District of Connecticut, the defendant JOSE BARET, did knowingly and intentionally possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi).

### COUNT TWO
(Possession with Intent to Distribute Cocaine, Fentanyl, Methamphetamine and Heroin)

2. On or about April 10, 2024, in the District of Connecticut, the defendant JOSE BARET, did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, all Schedule II controlled

substances, and a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(ii), (vi), and (viii), and 841(b)(1)(C).

## COUNT THREE
(Possession with Intent to Distribute Fentanyl)

3. On or about April 10, 2024, in the District of Connecticut, the defendant JOSE BARET, did knowingly and intentionally possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi).

## FORFEITURE ALLEGATION
(Controlled Substances Offenses)

4. Upon conviction of one or more of the controlled substances offenses alleged in Counts One through Three of this Indictment, the defendant JOSE BARET shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations of Title 21, United States Code, Section 841, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, those violations, as well as a sum of money equal to the total amount of proceeds obtained as a result of the offenses, including but not limited to the following:

  a. $4,511.00 in United States currency seized from JOSE BARET and his Honda Ridgeline SUV on or about April 10, 2024;

    b. a Springfield Armory .45 caliber firearm, bearing serial number GM453805, as well as the associated ammunition and magazines, all of which were seized on or about April 10, 2024 from 37 Goodrich Street, Hartford, Connecticut; and

    c. a FN Five-seven 5.7x28mm caliber handgun, bearing serial number 386442639, as well as the associated ammunition and magazines, all of which were seized on or about April 10, 2024 from 37 Goodrich Street, Hartford, Connecticut.

5. If any of the above-described forfeitable property, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property that cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

All in accordance with Title 21, United States Code, Sections 853 and 881, and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL

/s/
FOREPERSON

UNITED STATES OF AMERICA

MARC H. SILVERMAN
ACTING UNITED STATES ATTORNEY

GEOFFREY M. STONE
ASSISTANT UNITED STATES ATTORNEY